# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA HACKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-13-RWS |
| | ) | |
| S. JOHNS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on plaintiff Joshua Hackman's motion to reconsider the memorandum and order dated February 19, 2019, which denied without prejudice plaintiff's motion to proceed in forma pauperis under the "three strike rule," 28 U.S.C. § 1915(g). For the following reasons, plaintiff's motion will be denied.

### Background

On January 30, 2019, plaintiff Joshua Hackman, a prisoner at the Northeast Correctional Center ("NECC"), filed his complaint in the United States District Court for the Western District of Missouri. Because the allegations in the complaint involved conduct that occurred at NECC, which is located in this judicial district, the case was transferred to this Court on February 13, 2019.

On February 19, 2019, this Court determined that plaintiff had three "strikes" under 28 U.S.C. § 1915(g). *See* ECF No. 6. He could only proceed in forma pauperis, therefore, if his allegations demonstrated that he was under imminent danger of serious physical injury. After careful review, the Court found no allegation in plaintiff's complaint showing plaintiff was in imminent danger of serious physical injury. *Id.* As a result, the Court denied plaintiff's motion

to proceed in forma pauperis, without prejudice to refiling as a fully-paid complaint, and closed the case. *Id.*

Since that time, plaintiff has filed a supplement to his petition (ECF No. 8), a motion to appoint counsel and transfer the case back to the District Court for the Western District of Missouri (ECF No. 9), a letter to the Court (ECF No. 11), and a motion to reconsider the memorandum and order dated February 19, 2019 (ECF No. 10). In his motion to reconsider, plaintiff alleges he is in imminent danger of serious physical injury, and asks the Court to reconsider its denial of his motion to proceed in forma pauperis, which would reopen his case. Because the Court finds plaintiff has not made a showing of imminent danger, it will deny plaintiff's motion.

**The Complaint**

Plaintiff brought this action under 42 U.S.C. § 1983 against several correctional officers and a case manager at NECC. Plaintiff alleges that these defendants conspired to deny him access to the courts and disciplined him by filing "frivolous, malicious, and often retaliatory conduct violations." As discipline for these conduct violations, plaintiff states the defendant correctional officers transferred him to administrative segregation, kept him confined in segregation longer than authorized, falsified a conduct violation for "escape on known felony," and denied him medical assistive devices and lay-ins while in segregation.

Plaintiff also complained of the conditions in segregation, namely that he was given a shower only once every three days, therapy was reduced to one hour a day and often denied, his cell did not have air conditioning, he was refused medical devices such as "shoes, insoles, feet lift," he was placed in cuffs and "forced to walk in pain in segregation," he was denied use of a handicap accessible shower, he was given a "thinner mat and forced to sleep on [the] floor due to

cellmates size," and that these conditions continued for [illegible, either 20 or 90] days. Finally, he complained that he was being kept at a medium security facility, but should be transferred to a low security facility. Plaintiff sought $10,000 in compensatory damages, and $100,000 in punitive damages.

Plaintiff attached to his complaint three conduct violation reports dated July 31, 2018, September 3, 2018, and January 18, 2019. He also attached four separate carbon copies of disciplinary action reports (which are largely illegible), and an activity restriction rules sheet, which restricted plaintiff's activities from January 25, 2019 to February 4, 2019.

## Discussion

Because plaintiff has three strikes under § 1915(g), he may only proceed in forma pauperis if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original). To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In plaintiff's motion to reconsider, he states as follows:

I have lost 20 pounds in a matter of 4 days. I have a medical history that will be submitted by my mother soon . . . I have been shot numerous times in leg and stomach. I am being maliciously housed on a top bunk (which causes me to sleep on floor) and top second level cell. I suffer from nerve damage and hip problems and have also fell down stair previously. I have had stomach surgeries for my colostomy and I am suffering blood in my bowel movements. I ask that you please reconsider your decision to transfer my case back to Western District where problems started at Algoa Correctional Center. I did not have all [illegible]

evidence to present due to limited resources in segregation and ask for time. Medical staff has denied me medical attention I require at this institution.

Plaintiff's physical condition in his motion to reconsider is in sharp contrast to the allegations in the complaint, which alleged infrequent showers, lack of air conditioning, and denial of shoes and insoles. Moreover, he has made no correlation between his physical condition alleged in his motion to reconsider and the alleged constitutional violations in his complaint. The complaint alleged only that plaintiff was subjected to past non-physical harm involving allegedly retaliatory conduct violations. At the time of filing, plaintiff's complaint did not demonstrate a pattern of misconduct evidencing the likelihood of imminent serious physical injury. As a result, under 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis. The Court will deny his motion to reconsider.

If, as plaintiff states in his motion to reconsider, he has lost twenty pounds in four days, has blood in his stool, and is being assigned a top bunk despite being at risk of falling, he might have additional claims against defendants or medical personnel unrelated to this closed case. To the extent plaintiff has additional claims against any defendants for deliberate indifference to any serious medical needs, plaintiff may file an additional complaint in this Court that is separate from the present lawsuit. The Court notes that plaintiff must allege a causal connection between his physical condition and any alleged constitutional violations. The Court will instruct the Clerk of Court to provide plaintiff with a blank prisoner complaint form for this purpose.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the memorandum and order issued February 19, 2019 is **DENIED**. [ECF No. 10]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and transfer case back to the United States District Court for the Western District of Missouri is **DENIED as moot**. [ECF No. 9]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

Dated this 8thy day of March, 2019.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE